IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CT CORPORATION SYSTEMS, INC., ) | 05 - 11457 EFH |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action No. 65506 |
| ) | RECEIPT # |
| COLONIAL CARE OF ALLEGHANY ) | AMOUNT $ 250.00 |
| COUNTY, LP, d/b/a BRIAN CENTER OF ) | SUMMONS ISSUED 1 |
| ALLEGHANY, INC., ) | LOCAL RULE 4.1 — |
| ) | WAIVER FORM — |
| Defendant. ) | MCF ISSUED — |
| | BY DPTY. CLK. ЛР |
| | DATE 7/11/2005 |

MAGISTRATE JUDGE JLA

## COMPLAINT

Plaintiff, CT CORPORATION Systems, Inc. (hereinafter "CT"), for its Complaint against defendant, COLONIAL CARE OF ALLEGHANY COUNTY, LP, d/b/a BRIAN CENTER OF ALLEGHANY, INC. (hereinafter "Colonial") states as follows:

### I. PARTIES

1.  Plaintiff, CT, is a corporation incorporated under the laws of the State of Delaware having its principal place of business in New York City, New York.

2.  Defendant, Colonial, is a limited partnership organized under the laws of the State of Virginia having its principal place of business in the State of Virginia. Colonial may be served with process by serving Linda Clarke, 2 Gaston Drive, Pittsfield, Massachusetts 01201.

### II. JURISDICTION AND VENUE

3.  The Court has jurisdiction over this lawsuit under 28 U.S.C. § 1332(a)(1), because the Plaintiff and the Defendant are citizens of different states, and the amount

1

in controversy exceeds the jurisdictional amount set forth in 28 U.S.C. §1332, exclusive of interest and costs. This action is brought as a declaratory judgment action under 28 U.S.C. §2201 because there is an actual case or controversy between the parties and for other relief as set forth below.

4. Venue is proper in this district and division under 28 U.S.C. § 1391(a) because, among other reasons, a substantial part of the contract formation for which declaratory relief is sought and, therefore, the events giving rise to the claim occurred in this district and division.

### III. GENERAL ALLEGATIONS

5. CT Corporation System ("CT") acts as the registered agent for corporations and other artificial entities. CT charges an annual fee for its service as well as a fee for many of the tasks that it undertakes in its capacity as a registered agent.

6. In or before 1996, an agent of Lenox Healthcare, Inc. ("Lenox") contacted CT at its Boston, Massachusetts office about having CT serve as the registered agent for Lenox and a number of Lenox affiliated companies, including Colonial.

7. CT agreed to serve as registered agent for Lenox and the numerous other related companies. In exchange for grouping the Lenox related companies under Lenox, the cost of CT's services was less than if each company sought separate representation.

8. CT gave Lenox the option, which was exercised, to organize the related companies into various groups for different purposes, including billing and receipt of service of process. By organizing the companies into what was denominated

"subgroups," Lenox saved money in fees and simplified the identification of individuals within Lenox and its related companies to whom various documents were to be submitted.

9. Colonial was identified as one of the members of the Lenox group of companies, and CT was told to send all billing and service of process for Colonial to Linda Clarke, Executive Vice-President, Lenox Healthcare Systems, at its then Massachusetts office.

10. The initial address given to CT for Lenox was 2 South Street Suite 360, Pittsfield, Massachusetts 01201.

11. From 1996 until sometime in or after 2001, all invoices for CT's services for the Lenox subgroup were sent to Linda Clarke at Lenox's address in Massachusetts.

12. The initial invoices that created the Lenox account, including Colonial, were sent to Lenox's Massachusetts address. All invoices including the first invoices and all subsequent invoices contained on the reverse side twelve numbered paragraphs under the heading "CT CORPORATION SYSTEM Order, Billing, and Collection Terms and Conditions" (hereinafter "Contractual Terms").

13. Until 2001, as indicated below, Lenox paid the invoices for Colonial and neither Lenox nor Colonial or any other related company objected to any of the Contractual Terms contained in the invoices.

14. Paragraph 5 of the Contractual Terms states as follows: "Except in the case of CT's proven negligence or willful misconduct, in either of which events CT's liability (in the aggregate) shall not exceed $50,000, CT's entire liability and Customer's exclusive remedy for damages due to performance or non-performance of CT, for any cause or

3

service whatsoever, regardless of the form of action, whether in contract or in tort, shall be limited to the refund of the charges specifically related to the performance or non-performance of the direction of Customer. . . ."

15.    Paragraph 6 of the Contractual Terms states as follows: "While CT takes reasonable steps to provide complete and accurate services, CT cannot warrant or guarantee that its services are complete or error free. CT is not an insurer with regard to the services performed. In order to obtain CT's services for the charges stated, Customer agrees to assume the risk for any and all liabilities disclaimed by CT and all damages in excess of the limited remedy provided herein."

16.    Paragraph 7 of the Contractual Terms states as follows: "It is Customer's sole responsibility to keep CT informed as to any changes in address, or of changes of persons authorized to receive CT notifications, reports, processes and legal matters. Such changes are deemed to be effective when entered into CT's customer record system."

17.    Paragraph 9 of the Terms and Conditions states as follows: "If CT or its employees, affiliates, subsidiaries, or representatives are subject to legal process on behalf of its Customer, regardless of whether such process is due to Customer's act or omission, the Customer shall indemnify CT for any expenses incurred. These expenses include reasonable attorney fees that CT, in its sole discretion, incurs in obtaining legal representation."

18.    In accordance with the Contractual Terms, CT notified the Secretary of the Commonwealth of Virginia's Corporation Commission that it would serve as Colonial's registered agent.

4

19. In 2001, CT sent invoices to Lenox, including the subgroup in which Colonial was listed, to Lenox.. No invoice sent to Lenox or its related group of companies was returned but neither was it paid.

20. Colonial did not inform CT that Colonial documents should be sent to any address other than that of Lenox.

21. On information and belief, on July 10, 2001, unbeknownst to CT at the time, Lenox filed a bankruptcy petition in Wilmington, Delaware.

22. Sometime in or after September 2001, CT received notice of the Lenox bankruptcy and was informed that it was an unsecured creditor. CT was informed at that time that Lenox's attorneys and Trustee were located in Philadelphia and was given the address of the Trustee. No one from Lenox or Colonial informed CT that the address for Lenox was anything other than the address of the Lenox Trustee in bankruptcy.

23. Sometime in or after 2001, CT changed its records for Lenox to 1617 John F. Kennedy Blvd, Suite 1900, Philadelphia, Pennsylvania 19103 (hereinafter sometimes "the Philadelphia address"), the address of the Lenox Trustee in bankruptcy and the Trustees attorneys.

24. On February 24, 2004, CT received a summons and complaint for Colonial at CT's office in Virginia in a case styled *Childs v. Colonial Care of Alleghany County, LP d/b/a Brian Center of Alleghany*, No. CL04-17 (hereinafter the "Childs case"). CT forwarded the documents to Colonial at the Philadelphia address. FedEx confirmed delivery of the documents to that address.

25. On information and belief, service of process was received by Lenox's Trustee and the Trustee's attorneys at the Philadelphia address.

26. On April 12, 2004, CT received a motion for default judgment in the Childs case, and again forwarded the documents to Lenox at the Philadelphia address. Again, delivery by FedEx was confirmed.

27. On September 19, 2004 a default judgment was entered against Colonial in the Childs case and an ex parté jury trial on damages was held. The plaintiff was awarded judgment for $750,000.

28. Since September 2004, representatives of Colonial persistently have claimed that CT is liable for the full amount of the judgment entered against Colonial in the Childs case.

## COUNT I –DECLARATORY JUDGMENT

29. CT incorporates by reference all of the allegations contained in paragraph 1 through paragraph 28 as if fully set forth herein.

30. Colonial has repeatedly threatened to sue CT if CT does not pay all or a substantial part of the judgment against Colonial. The amounts claimed by Colonial are all well in excess of the jurisdictional amount set forth in 28 U.S.C. §1332, exclusive of interest and costs.

31. Colonial has refused to acknowledge or agree that CT fully complied with the instructions given to it regarding service of process.

32. Colonial has refused to acknowledge or agree that CT's liability even for proven negligence or willful conduct is limited to $50,000 and, instead, has made demand upon CT for amounts far in excess of $50,000.

33. Colonial has denied that it had any contract with CT and that the contract contained the Contractual Terms. CT contends that a valid contract exists, and the Contractual Terms govern its relationship with Colonial.

34. Colonial has denied that it had any obligation to keep CT informed of the address to which service of process should be sent. CT contends that Colonial did have both a contractual and common law duty to keep CT informed of Colonial's address and breached that duty.

35. Colonial contends that CT was "negligent" and is responsible for the damages awarded against Colonial in the Childs case. CT contends that it was not negligent, its liability is limited by its contract and, regardless, Colonial was contributorily negligent.

36. CT pleads New York law governs its contractual relationship with Colonial.

37. There exists an actual case or controversy between CT and Colonial.

38. CT is entitled to a declaratory judgment as follows:

   a. That the Contractual Terms govern the relationship between CT and Colonial and CT complied with its contractual obligations and that New York law applies to that contract;

   b. That Colonial was contractually obligated to keep CT updated on the address to which process should be sent and breached its obligation in regard thereto;

c.  That CT complied with its contractual obligation and was not negligent in sending process to the Philadelphia address given to it;

d.  That, in the alternative, Colonial was contributorily negligent;

e.  That CT is not liable to Colonial for the judgment entered against Colonial; and

f.  In the alternative, that CT's liability in any event is limited to $50,000.

## COUNT II – INDEMNITY

39. CT incorporates by reference the allegations contained in paragraph 1 through paragraph 38 as if fully set forth herein.

40. The Contract Terms between Colonial and CT contain an indemnity clause requiring Colonial to indemnify CT for all costs and expenses incurred by CT in connection with any action brought against CT arising out of its role as registered agent.

41. Colonial filed suit against CT in Virginia alleging that CT somehow owed Colonial a duty in connection with the judgment entered against Colonial and should pay any judgment entered against Colonial. On motion of CT, that suit, entitled COLONIAL CARE OF ALLEGHANY COUNTY, LP d/b/a BRIAN CENTER OF ALLEGHANY, Petitioner, vs. WARREN ROBERT CHILDS and BARBARA ANN CHILDS, Administrators of the estate of Hallie Edith Lee Childs, and CT CORPORATION SYSTEM, Respondents, CHANCERY NO. CH 04-196 (hereinafter the "Chancery Action") was dismissed by the Court.

42. CT is entitled to indemnity for all costs and expenses incurred in connection with defending that suit and any counterclaim in this action at an amount to be determined at trial.

## PRAYER

WHEREFORE, for the reasons stated above, CT prays as follows:

1. That based on the foregoing the Court enter a declaratory judgment as aforesaid.

2. That CT be indemnified for all of its costs and expenses, including attorneys' fees incurred in defending the Chancery Action and any counterclaim filed herein.

3. That the Court award any and other further relief, at law or in equity, both general and special, to which CT may be justly entitled.

Respectfully submitted,

CT CORPORATION SYSTEMS, INC.
By Its Counsel:

_____
Charles P. Kindregan (BBO#554947)
LOONEY & GROSSMAN LLP
101 Arch Street
Boston, MA 02110-1112
(617) 951-2800
ckindregan@lgllp.com

Kenneth J. Gumbiner
North Carolina State Bar No. 12825
TUGGLE, DUGGINS & MESCHAN, P.A.
228 West Market Street
P.O. Box 2888
Greensboro, NC 27402-3044
336-378-1431
kgumbiner@tuggleduggins.com

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
CT Corporation Systems, Inc.

**(b)** County of Residence of First Listed Plaintiff: New York
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Charles P. Kindregan, Esq.
Looney & Grossman LLP, 101 Arch Street
Boston, MA 02110  (617) 951-2800

## DEFENDANTS
Colonial Care of Alleghany County, LP

County of Residence of First Listed Defendant: Virginia
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)
unknown

05-11457 EFH

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** — ☐ 310 Airplane, ☐ 315 Airplane Product Liability, ☐ 320 Assault, Libel & Slander, ☐ 330 Federal Employers' Liability, ☐ 340 Marine, ☐ 345 Marine Product Liability, ☐ 350 Motor Vehicle, ☐ 355 Motor Vehicle Product Liability, ☐ 360 Other Personal Injury | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☒ 190 Other Contract | **PERSONAL INJURY** — ☐ 362 Personal Injury - Med. Malpractice, ☐ 365 Personal Injury - Product Liability, ☐ 368 Asbestos Personal Injury Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | **PRISONER PETITIONS** — ☐ 510 Motions to Vacate Sentence, Habeas Corpus: ☐ 530 General, ☐ 535 Death Penalty, ☐ 540 Mandamus & Other, ☐ 550 Civil Rights, ☐ 555 Prison Condition | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | **PERSONAL PROPERTY** — ☐ 370 Other Fraud, ☐ 371 Truth in Lending, ☐ 380 Other Personal Property Damage, ☐ 385 Property Damage Product Liability | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1332; 28 U.S.C. § 2201
Brief description of cause:
Declaratory Judgment action over contract for corporate services

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ Declaratory Relief
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____  DOCKET NUMBER _____

DATE: July 8, 2005
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # ____  AMOUNT ____  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __CT Corporation System v.__
   __Colonial Care of Allegheny County, LP__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐   I.     160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐   II.    195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.         for patent, trademark or copyright cases

   ☑   III.   110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

   ☐   IV.    220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

   ☐   V.     150, 152, 153.

   **05-11457 EFH**

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
                                                                                  YES ☐    NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)
                                                                                  YES ☐    NO ☑
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
                                                                                  YES ☐    NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
                                                                                  YES ☐    NO ☑

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
                                                                                  YES ☐    NO ☑

   A.  If yes, in which division do all of the non-governmental parties reside?

       Eastern Division  ☐          Central Division  ☐          Western Division  ☐

   B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

       Eastern Division  ☐          Central Division  ☐          Western Division  ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
                                                                                  YES ☐    NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Charles P Kindregan__
ADDRESS __101 Arch St. Boston, MA__
TELEPHONE NO. __617-951-2800__

(CategoryForm.wpd - 5/2/05)