UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CT CORPORATION SYSTEMS, INC., § <br> Plaintiff § <br> § <br> v. § <br> § <br> COLONIAL CARE OF ALLEGHANY § <br> COUNTY, LP, d/b/a BRIAN CENTER § <br> NURSING HOME, § <br> Defendant § | Civil Action No. <br> 05-11457-EFH |

## ANSWER AND COUNTERCLAIM OF
## COLONIAL CARE OF ALLEGHANY COUNTY, LP,
## D/B/A BRIAN CENTER NURSING HOME

Defendant, Colonial Care of Alleghany County, LP, d/b/a Brian Center Nursing Home (hereinafter "Colonial") states as follows in Answer to the Complaint of CT Corporations Systems, Inc. (hereinafter "CT"):

1. Admitted.

2. Admitted. Colonial does business as Brian Center Nursing Home, not as Brian Center of Alleghany, Inc.

3. Admitted.

4. Denied.

5. Admitted.

6. Colonial admits that Linda Clarke contacted CT at its Boston office about having CT serve as registered agent for Colonial and is without knowledge or information sufficient to form a belief as to the truth of the remainder of the averment.

7. Colonial admits that CT agreed to serve as registered agent for Colonial and is without knowledge or information sufficient to form a belief as to the truth of the remainder of the averment.

8. Colonial is without knowledge or information sufficient to form a belief as to the truth of the averment.

9. Colonial admits that at all times relevant hereto it was affiliated with Lenox and that CT was told to send all billing and service of process for Colonial to Linda Clarke at her

Pittsfield, Massachusetts office.

    10.    Admitted.

    11.    Admitted.

    12.    Colonial admits that invoices were sent to Lenox's Pittsfield, Massachusetts address and is without knowledge or information sufficient to form a belief as to the truth of the remainder of the averment.

    13.    Colonial admits that the invoices were paid and that no objection was made to the language contained in the invoices for the reason that Colonial was never aware of such language.

    14.    Colonial admits that the invoice included the quoted language on the back of the invoice but denies that it formed the basis of a contract between the parties.

    15.    Colonial admits that the invoice included the quoted language on the back of the invoice but denies that it formed the basis of a contract between the parties.

    16.    Colonial admits that the invoice included the quoted language on the back of the invoice but denies that it formed the basis of a contract between the parties.

    17.    Colonial admits that the invoice included the quoted language on the back of the invoice but denies that it formed the basis of a contract between the parties.

    18.    Colonial admits that CT notified the Secretary of the Commonwealth of Virginia Corporation Commission that it would service Colonial's register agent.

    19.    Colonial is without knowledge or information sufficient to form a belief as to the truth of the averment.

    20.    Admitted.

    21.    Colonial admits that Lenox filed a Chapter 11 Reorganization Petition on July 10, 2001 in Wilmington, Delaware.

    22.    Colonial is without knowledge or information sufficient to form a belief as to the truth of the first two sentences of the averment and states that no one from Lenox or Colonial authorized CT to change the address for service or notice to Colonial from the Pittsfield, Massachusetts address.

    23.    Admitted.

    24.    Admitted.

25. Colonial is without information sufficient to form a belief as to the truth of the averment.

26. Admitted.

27. Admitted.

28. Admitted.

## Count I - Declaratory Judgment

29. Colonial incorporates by reference all of its responses contained in paragraph 1 through paragraph 29 as is fully set forth herein.

30. Admitted.

31. Admitted.

32. Admitted.

33. Colonial admits that CT had a contract with Colonial for the service of process or other corporate notices to Colonial's office in Pittsfield, Massachusetts and denies that the contract is governed by the language on the back of the invoice.

34. Denied.

35. Admitted.

36. Colonial denies that New York law governs Colonial's relationship with CT.

37. Admitted.

38. Colonial denies that CT is entitled to the declaratory judgment as requested in the averment.

## Count II - Indemnity

39. Colonial incorporates by reference all of its responses contained in paragraph 1 through paragraph 38 as is fully set forth herein.

40. Colonial admits that the language on the back of the invoice contains an indemnity clause but denies that it is applicable in this case.

41. Colonial admits that Colonial's claim against CT in the Virginia Chancery Action was dismissed but states that such dismissal was based on procedural issues so that no court has

reached the merits of the obligations between Colonial and CT.

42. Denied.

### COUNTERCLAIM COLONIAL CARE OF ALLEGHANY COUNTY, LP, D/B/A BRIAN CENTER NURSING HOME

43. At all times relevant hereto, Colonial operated a nursing home in Alleghany County, VA.

44. At some point prior to 2001, Colonial contracted with CT through its Boston, MA office for CT to act as Colonial's registered agent in Virginia .

45. Colonial requested that CT forward all notices received by CT as registered agent to its offices in Pittsfield, MA.

46. CT charged Colonial a fee for such services.

47. Colonial paid every invoice it received for such services.

48. On or about April 29, 2003, while recovering from a broken right hip at the Brian Center, a resident, Hallie Edith Lee Childs , allegedly fell and broke her left hip.  She later died from causes unrelated to the hip injury.  The Administrators of her estate ("Childs Estate") alleged that Colonial was negligent in failing to prevent the fall and more immediately treat Childs' injuries.

49. In February, 2004, the Childs Estate commenced suit in Alleghany County, VA Circuit Court.  Said action is referred to herein as the "Childs Suit."  On February 24, 2004, the sheriff of Henrico County served initial pleadings and discovery requests in the lawsuit on CT Corporation at its offices at 4701 Cox Road, Suite 301, Glen Allen, VA 23060.

50. CT accepted such service without objection to the process server, the Plaintiff's attorney or the Court in the Childs Suit.

51. CT made no effort to notify Colonial at the only address that Colonial has ever given CT, its Pittsfield, MA address.

52. Instead, on February 24, 2004, CT forwarded said process by Federal Express to: "Linda M. Clarke, Executive Vice President, Lenox Healthcare, Inc., 1617 John F. Kennedy Boulevard, Suite 1900, Philadelphia, PA 19103-1833" (hereinafter referred to as "the Philadelphia address.)"

53. The Philadelphia address is not that of Linda M. Clarke, who is a former shareholder of Lenox Healthcare, Inc. ("Lenox"), and also one of Colonial's limited partners.

54. Lenox is an entity that has never had any ownership interest in, or management responsibility for, Colonial. Lenox is an entity that has declared bankruptcy and is being liquidated.

55. The Philadelphia address to which process was sent is identical to that of Obermayer Rebmann Maxwell & Hippel LLP. Upon information and belief, Charles M. Golden, a principal with Obermayer Rebmann, is the bankruptcy trustee of Lenox.

56. No agent of Colonial ever instructed CT to forward process served upon Colonial to Lenox at the Philadelphia address or at any address other than its Pittsfield, MA address.

57. As of this date, CT Corporation has been unable to account for or otherwise explain its action in sending process to any address other than Colonial's Pittsfield, MA address.

58. At all times relevant hereto, no one at or affiliated with Colonial was aware of the Childs Suit.

59. Not having received any notice of the Childs Suit, Colonial did not file responsive pleadings.

60. When the Childs Estate filed a Motion for Default Judgment, notice was again served on CT at its Glen Allen, VA office and CT again (i) accepted such service without objection to the process server, the Plaintiff's attorney or the Court in the Childs Suit; (iii) made no effort to notify Colonial at the only address that Colonial has ever given CT, its Pittsfield, MA address and (iv) on April 14, 2004 sent the paperwork by Federal Express to the Philadelphia address.

61. Thereafter, the Virginia Court in the Childs Suit issued an Order Sustaining Childs' Motion for Default Judgment against Colonial on May 14, 2004. The Order was suspended for 14 days to give Colonial additional time to appear and defend its interests. Notice thereof was again served on CT at its Glen Allen, VA office and CT again (i) accepted such service without objection to the process server, the Plaintiff's attorney or the Court in the Childs Suit; (iii) made no effort to notify Colonial at the only address that Colonial has ever given CT, its Pittsfield, MA address and (iv) on June 9, 2004 sent the paperwork by Federal Express to the Philadelphia address.

62. Thereafter, the Virginia Court in the Childs Suit issued an Judgment assessing damages in the amount of $750,000 against Colonial. Notice thereof was again served on CT at its Glen Allen, VA office and CT again (i) accepted such service without objection to the process server, the Plaintiff's attorney or the Court in the Childs Suit; (iii) made no effort to notify Colonial at the only address that Colonial has ever given CT, its Pittsfield, MA address and (iv) on August 9, 2004 sent the paperwork by Federal Express to the Philadelphia address.

63. Colonial first became aware of the Childs Suit which had now become a final judgment for $750,000 when the Childs Estate began collection efforts in the fall of 2004.

64. There is no written contract between CT and Colonial.

65. While CT purportedly sends annual invoices for its services, Colonial did not receive or pay an invoice in 2003 or 2004 because CT was sending all of Colonial's documents to the wrong address.

66. On the back of CT's invoices are various terms that purport to bind Colonial including a limitation on liability clause which attempts to limit CT's liability to $50,000.

67. Colonial never received or paid an invoice in 2003 or 2004, never negotiated with CT about those terms, never agreed to those terms, and, in fact, was never advised and did not know that such terms were on the back of the invoices that it had paid in previous years.

68. There is nothing on the front of the invoices to even indicate that there is anything on the back.

69. The caption on the back of the invoices is highly misleading as to the contents below, proclaiming them to be "Order, Billing, and Collection Terms and Conditions."

70. No reasonable person seeing such caption (in the event they glanced at the back of the invoice) would be aware that concealed under this description is the limitation of liability, choice of law, prohibition against assignment and other terms.

71. As such, there was no meeting of the minds between the parties and hence, no agreement concerning the terms on the back of the invoices.

72. But for CT Corporation's conduct in sending the suit papers to the wrong address, Colonial would not have suffered a default judgment in the Childs Suit.

73. Colonial Care has demanded that CT indemnify and hold Colonial harmless for any liability it may incur as a result of the default judgment, but CT has declined, relying in part on the limitation on liability clause.

74. There exists a dispute between Colonial and CT regarding the validity and enforceability of the terms on the back of CT Corporation's invoices.

75. Demand has been made upon CT to indemnify and hold Colonial harmless for any liability it may incur based on the entry of the default judgment in the Childs Suit.

76. CT Corporation has denied Colonial Care's demand, relying primarily on the limitation on liability clause on the back of its invoices.

COUNT I OF COUNTER CLAIM – DECLARATORY JUDGMENT

77. Based upon the facts as set forth herein above, an actual case and controversy

exists between Colonial and CT concerning the validity and enforceability of the terms on the back of CT's invoices, particularly the validity and enforceability of the limitation on liability clause.

78. Colonial is entitled to a declaratory judgment that:

   a. That the language contained on the back of the CT invoices do not govern the relationship of CT and Colonial.

   b. That CT in its capacity as Registered Agent breached its obligations to Colonial by changing the address for notice from Pittsfield, MA to the Philadelphia without authority from or notice to Colonial;

   c. That CT in its capacity as Registered Agent breached its obligations to provide notice to Colonial of pendency of the proceedings in the Childs Suit;

   d. That CT is liable to Colonial for the amount of the Judgment entered against Colonial in the Childs Suit.

### COUNT II OF COUNTER CLAIM -- VIOLATION OF G. L. c. 93A

79. By having agreed to serve as its Registered Agent, CT owed Colonial an implied covenant of good faith and fair dealing.

79. CT's conduct in (i) changing the address for service of process and other notice for Colonial from the Pittsfield, MA address to the Philadelphia address without notice to or authority from Colonial; (ii) accepting service without objection or notice to the Court or Plaintiff's attorney and (iii) failing to provide actual notice to Colonial of said process having been served is a breach of CT's implied covenant of good faith and fair dealing and is an unfair and deceptive act or practice declared unlawful by G. L. 93A.

80. Colonial suffered damages as a result of CT having failed to provide notice to Colonial of pendency of the proceedings in the Childs Suit.

WHEREFORE, Colonial requests that the Court:

A. Deny CT's request for declaratory Judgment as prayed for by CT in Count I of its complaint and find for Colonial on such Count;

B. Deny CT's request to be indemnified for its costs as prayed for by CT in Count II of its complaint and find for Colonial on such Count;

C. Grant a declaratory judgment in favor of Colonial as requested in Count I of Colonial's Counter Claim;

D. Award Colonial up to triple damages and attorney's fees on the basis of its 93A Count II; and

E. Award Colonial such other relief as is just.

COLONIAL CARE OF ALLEGHANY COUNTY, LP, d/b/a BRIAN CENTER NURSING HOME, Defendant

*John R. Gobel by AO*
By John R. Gobel; BBO#196340
Gobel & Hollister
106 Wendell Avenue
Pittsfield, MA 01201
(413) 443-7337

Dated: September 7, 2005

## CERTIFICATE OF SERVICE

I hereby certify that I have provided by overnight mail notice of the filing of the above pleading on the Plaintiff, CT Corporations Systems, Inc. in care of its council as follows: (i) Charles P. Kindregan, Looney and Grossman, LLP, 101 Arch Street, Boston, MA 02110-1112 at ckindregan @ lgllp.com and (ii) Kenneth P. Gumbiner, Tuggle, Duggins and Meschan, P.A., 228 West Market Street, P.O. Box 2888, Greensboro, NC 27402-3044 and at kgumbiner @tuggleduggins.com this date.

*John R. Gobel by AO*
John R. Gobel; BBO#196340
Gobel & Hollister
106 Wendell Avenue
Pittsfield, MA 01201
(413) 443-7337

Dated: September 7, 2005

# GOBEL & HOLLISTER
## ATTORNEYS AT LAW

September 7, 2005

Sandra Holahan
United States District Court
District of Massachusetts
1 Courthouse Way- Suite 2300
Boston, MA 02210

      RE:    CT Corporation Systems, Inc. v. Colonial Care of Alleghany County, LP, d/b/a
               Brian Center of Alleghany, Inc.
               Docket No. 05-11457-EFH

Dear Ms. Holahan:

      I am writing in regard to the above referenced matter. Pursuant to our telephone conversation today and in accordance with your instructions, I enclose herewith the Answer and Counterclaim of Colonial Care of Alleghany County, LP, d/b/a Brian Center of Alleghany, Inc. via overnight mail. In addition, I have forwarded copies of same via overnight mail to Plaintiff's counsel. If you have any further questions regarding this matter, please feel free to contact me.

      Thank you for your time and attention.

                                                                     Sincerely,

                                                                   Dana S. Doyle

Encls.
cc:    Charles P. Kindregan, Esq.
       Kenneth P. Gumbiner, Esq.

JOHN R. GOBEL  P. KEYBURN HOLLISTER  DANA S. DOYLE
106 WENDELL AVENUE, PITTSFIELD, MASSACHUSETTS 01201
TEL. 413-443-7337  FAX 413-499-2981