IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CT CORPORATION SYSTEMS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-11457-EFH |
| | ) | |
| COLONIAL CARE OF ALLEGHANY | ) | |
| COUNTY, LP d/b/a BRIAN CENTER | ) | |
| NURSING HOME | ) | |
| | ) | |
| Defendant. | ) | |

## REPLY TO COUNTERCLAIM

The Plaintiff, CT Corporation Systems, Inc., in reply to the counterclaim of the

Defendant, Colonial Care of Alleghany County, states:

43.     Admitted.

44.     Admitted.

45.     Denied.  CT was instructed by Colonial to forward process to Lenox Healthcare,

Inc. ("Lenox") at Lenox's address in Pittsfield, MA.  Initially, Lenox's office was on South

Street in Pittsfield.  Later, Lenox's address was on Church Street in Pittsfield.  Eventually, CT

was advised to forward process to Lenox's address in Philadelphia, PA.

46.     Admitted that CT billed for its services, but it is expressly denied that it received

payment for those services for the years 2001 and after.

47.     CT denies that Colonial paid any invoice after 2000 despite the fact that those

invoices were sent to Lenox, as directed by Colonial.

48.     CT admits this allegation on information and belief.

1

49.    On information and belief it is admitted that Childs Suit was filed and it is admitted that CT received process as indicated.

50.    Admitted.

51.    Denied that CT made no effort to notify Colonial and, to the contrary, CT asserts that it forwarded process as directed by Colonial.  It is further denied that the Pittsfield, MA address was the only address ever given to CT.  Any other allegations contained in Paragraph 51 are denied.

52.    It is admitted that CT forwarded process to the Philadelphia address of Lenox as instructed by Colonial.

53.    CT is without information sufficient to form a belief as to the truth of this averment.

54.    CT is without information sufficient to form a belief as to the truth of this averment.

55.    Admitted on information and belief.

56.    Denied that Colonial never instructed CT to forward process to any Lenox address other than the one in Pittsfield referenced herein.  An agent of Colonial instructed CT to forward all process to Lenox.

57.    Denied.

58.    CT is without information sufficient to form a belief as to the truth of this averment.

59.    CT is without information sufficient to form a belief as to the truth of this averment.

60.     Admitted that CT accepted service of a Motion for Default Judgment in the Childs case on behalf of Colonial and forwarded the service to Colonial at Lenox's Philadelphia address as instructed by Colonial.  Except as expressly admitted, the allegations contained in Paragraph 60 are denied.

61.     Admitted that CT accepted service of an Order Sustaining Childs' Motion for Default Judgment on behalf of Colonial and that CT forwarded the service to Colonial at Lenox's Philadelphia address as instructed by Colonial.  Except as expressly admitted, the allegations of paragraph 61 are denied.

62.     Admitted that CT accepted service of a Judgment in the Childs' case on behalf of Colonial and forwarded the service to Colonial at Lenox's Philadelphia address as instructed by Colonial.  Except as expressly admitted, the allegations of paragraph 62 are denied.

63.     CT is without information sufficient to form a belief as to the truth of this averment.

64.     Denied.

65.     Admitted that CT sent invoices to Colonial for registered agent services for 2003 and 2004 and that CT never received payment from Colonial for those years.  Except as expressly admitted, the allegations of paragraph 65 are denied.

66.     Admitted that the contractual language does in fact bind Colonial.

67.     Admitted that CT never received payment from Colonial for services provided in 2003 and 2004.  Denied that Colonial did not agree to the language.  Except as expressly admitted, all other allegations of paragraph 67 are denied.

68.     It is admitted that there is no reference to the terms and conditions on the front of the invoice but it is denied that those terms and conditions are not readily apparent.

69.     Admitted that the caption on the invoice reads "Order, Billing, and Collection Terms and Conditions."  Except as expressly admitted, the allegations contained in paragraph 69 are denied.

70.     Denied.

71.     Denied.

72.     Denied.

73.     It is denied that any such request has been made, although requests for contribution to various settlement proposals have been made.  The remainder of the allegations contained in paragraph 73 are denied.

74.     Admitted that Colonial has disputed the validity and enforceability of the terms on the back of CT's invoices.  Unless expressly admitted, the allegations contained in paragraph 74 are denied.

75.     Denied.

76.     Admitted that CT is not liable to Colonial and, therefore, would deny any request for indemnification based on numerous grounds including the limitations set forth in the contract between the parties.

### COUNT I OF COUNTER CLAIM – DECLARATORY JUDGMENT

77.     Admitted that there exists an actual case or controversy.  In all other respects this paragraph is denied.

78.     Denied.

### COUNT II OF COUNTER CLAIM – VIOLATION OF G.L. c. 93A

79.     Admitted that CT had a duty to act reasonably as a registered agent and that all contracts, including the one governing the relationship between the parties herein, imply a

covenant of good faith and fair dealing.  Unless expressly admitted, the allegations of paragraph 79 are denied.

79. (misnumbered)    Denied.

80. (misnumbered)    Denied.

## AFFIRMATIVE DEFENSES TO COUNTERCLAIM

### FIRST AFFIRMATIVE DEFENSE

The Counterclaim, and all purported causes of action asserted therein, fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant suffered no damages as a result of any action taken or not taken by CT in that Defendant would have been liable for damages in the underlying suit for the reasons asserted by the Plaintiff in that suit.

### THIRD AFFIRMATIVE DEFENSE

The Counterclaim, and all purported causes of action asserted therein, fail to assert that any injury suffered due to alleged unfair and deceptive trade practices occurred in Massachusetts pursuant to Mass. Gen. Law Ann. Ch. 93A § 11.

### FOURTH AFFIRMATIVE DEFENSE

Defendant's claims are barred by their own contributory negligence.

### FIFTH AFFIRMATIVE DEFENSE

Defendant at all relevant times had or are charged with having full knowledge of all terms and conditions printed on the invoice which they paid.  Defendant paid the invoice and never objected to any of those terms. Defendant's claims are, therefore, barred by the doctrines of waiver, estoppel, and ratification.

## SIXTH AFFIRMATIVE DEFENSE

Defendant is barred by the doctrine of unclean hands in that Defendant breached the contract by failing to pay invoices when they came due and by failing to provide Plaintiff with a valid, current address in violation of its contractual duties.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant's material breach of the contract excused any further performance by Plaintiff to act as Defendant's registered agent.

## EIGHTH AFFIRMATIVE DEFENSE

The alleged injuries Defendant claims in this action were proximately caused, in whole or in part, by the superseding, intervening negligence or other wrongful acts or omissions of Defendant.

## NINTH AFFIRMATIVE DEFENSE

The allegations contained in Paragraph 78(b), (c), and (d) are improper subject matter for a declaratory judgment as they require the court to make factual determinations, instead of merely decisions regarding the state of the law, in violation of M.G.L.A. 231A §1.

WHEREFORE, Plaintiff prays the court that:

1.     Defendant's Counterclaim, and all claims asserted therein, be dismissed and the Defendant have and recover nothing from Plaintiff;

2.     that the language on the back of Plaintiff's invoice be declared to govern the relationship between parties;

3.      that Plaintiff be adjudged to have no liability for any of Defendant's losses;

4.     that Plaintiff have and recover their costs, expenses, and legal fees as allowed by law;

5. that the Court award Plaintiff such other and further relief as the Court may deem just and proper.

This the 30th day of September, 2005.

/s/ Kenneth J. Gumbiner
Charles P. Kindregan (BBO#554947)
LOONEY & GROSSMAN, LLP
101 Arch Street
Boston, MA 02110-1112
(617) 951-2800
ckindregan@lgllp.com

Kenneth J. Gumbiner
Admitted pro hac vice
TUGGLE DUGGINS & MESCHAN, P.A.
228 West Market Street
P.O. Box 2088
Greensboro, NC 27402-3044
(336) 271-1431
kgumbiner@tuggleduggins.com

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served upon Defendant electronically to the following:

John R. Gobel
Gobel & Hollister
106 Wendell Avenue
Pittsfield, MA 01201

/s/ Kenneth J. Gumbiner
Charles P. Kindregan (BBO#554947)
LOONEY & GROSSMAN, LLP
101 Arch Street

Boston, MA 02110-1112
(617) 951-2800
ckindregan@lgllp.com

Kenneth J. Gumbiner
North Carolina State Bar No. 12825
TUGGLE DUGGINS & MESCHAN, P.A.
228 West Market Street
P.O. Box 2088
Greensboro, NC 27402-3044
(336) 271-1431
kgumbiner@tuggleduggins.com

Attorneys for Plaintiff